IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              Case No. 19-10169-JWB

DEVAN NAVARETTE,

    Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on the government's appeal of the magistrate's order of release. (Doc. 13.) The court held an evidentiary hearing on December 18, 2019. For the reasons stated herein, Magistrate Judge Birzer's order granting bond is REVOKED.

**I.    Procedural History**

On December 3, 2019, Defendant was indicted pursuant to 18 U.S.C. § 2252A for transporting, distributing, and possessing child pornography. On December 11 and 13, Defendant appeared before Magistrate Judge Birzer for a detention hearing. After hearing proffers from the government and Defendant, Magistrate Judge Birzer denied the government's motion for detention and entered an order setting conditions of release. (Doc. 11.) The government appealed the release order. (Doc. 13.) This court held a hearing on December 18, 2019. The court heard proffers from the government and Defendant.

**II.    Legal Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take

relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

>  (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> 
> (2) the weight of the evidence against the person;
> 
> (3) the history and characteristics of the person, including-
> 
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > 
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense involving a minor victim under section 2252A. 18 U.S.C. § 3142(e)(3)(E). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with offenses involving minor victims and thus raises the rebuttable presumptions of risk of flight and danger to the community.

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. *Id.* The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id.* at 1252.

**III. Analysis**

**A. Nature and Circumstances of the Offense**

The charged child pornography counts involve minor victims, thereby triggering the rebuttable presumption for detention. Moreover, these charges are included in the statutory definition of crime of violence. 18 U.S.C. §3156(a)(4)(C). The nature of child pornography offenses is particularly egregious because the victims are children who cannot possibly consent to the conduct, which includes acts of child rape. This factor favors detention.

**B. Weight of the Evidence**

In addition to the proffer offered at the hearing, the government submitted a factual recitation of the evidence in its motion. Highly summarized, Defendant is alleged to have used online accounts to upload thousands of images of child pornography. Defendant is also alleged to have uploaded videos of child rape and child sexual abuse. Defendant then shared those images and videos with other online users. A search warrant was executed and the officers seized devices from Defendant's home. During an interview, Defendant admitted to having the accounts, communicating with groups of individuals online, accessing those individuals' folders of child pornography, and downloading that child pornography. At the hearing, the parties estimated that there were several hundred thousand images of pornography on Defendant's devices contained in thousands of files. Of those, there were at least twenty-three thousand files of child pornography. These files contained names such as "sexy kids," "11-12 girls," and "child por."

The court finds that the proffer offered at the hearing and the factual basis contained in the government's motion are sufficient to show that there is substantial evidence of Defendant's transportation, distribution, and possession of child pornography.[1] This factor therefore favors detention.

**C. History and Characteristics of Defendant**

Defendant has family support and has been residing with his parents who are willing to be involved in his supervision and have attended his court hearings. Defendant has experienced traumatic events, including the untimely death of his brother. Defendant would like to obtain

---

[1] Defendant argued that this factor must be evaluated in light of Defendant's flight risk and danger to the community and not just a general determination that the weight of the evidence is substantial. Defendant has not offered any Tenth Circuit authority for this argument. In any event, the court finds that the weight of the evidence supports a finding that Defendant's alleged crimes constitute a significant danger to the community for the reasons stated herein.

mental health treatment. Defendant has been unemployed for the last several years and has been somewhat of a burden to his family due to his unemployment.

Prior to his unemployment, Defendant was employed in March 2015. At that time, Defendant stole his employer's identity and obtained a loan. Defendant was placed on diversion for this crime. Diversion was revoked, however, when Defendant failed to complete his GED, failed to make his restitution payments, and had reporting violations. Defendant then pled guilty to a felony charge of identity theft. Defendant was placed on probation in February 2019. Defendant was on probation at the time he allegedly committed the instant offenses. This is a factor to be considered under the statute. § 3142(g)(3)(B). Defendant's history shows that he has not abided by conditions of release place upon him by other courts. More specifically, the child pornography charges against Defendant in this case are based on actions he took while he was on release in another case. The court has not been given any indication or explanation as to why this time might be different and that Defendant would comply with this court's conditions. Moreover, the crimes at issue involve internet access and Defendant has admitted that he has an addiction to pornography. The court is thus not convinced that Defendant would abide by restrictions on his access or use of the internet; nor is there any reason to believe that his parents would be able to sufficiently monitor Defendant's internet activity given that the alleged offenses occurred while Defendant was residing in their home. While Defendant's ties to the community and his family may support a finding that he poses a limited flight risk, Defendant's conduct while on probation and his alleged criminal activities support a finding that he poses a danger to the community.

**D. Danger to the Community**

Based upon the evidence proffered at the hearing and the record before the court, the court finds that Defendant has met his burden to rebut the presumption that he is a flight risk. Before

releasing Defendant on any set of conditions, the court must be satisfied that Defendant will not pose a danger to any other person or to the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence…." *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). Although this authority addressed drug trafficking, Congress determined that "the existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *United States v. Davin*, No. 12-10141-EFM, 2012 WL 2359419, at *3 (D. Kan. June 20, 2012) (quoting Pub. L. No. 104–208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251)).

Defendant has been charged with distribution, transportation, and possession of child pornography. In addition to downloading these images, which include videos of child rape, Defendant allegedly engaged in the act of sharing these images and videos with others in an online community. Defendant's alleged conduct feeds the market which is based on the exploitation of children, including the rape of children. "The demand for child pornography harms children in part because it drives production, which involves child abuse." *Paroline v. United States*, 572 U.S. 434, 439–40 (2014). "The harms caused by child pornography, however, are still more extensive because child pornography is 'a permanent record' of the depicted child's abuse, and 'the harm to the child is exacerbated by [its] circulation.'" *Id.* (internal quotations omitted).

Moreover, Defendant has a history of failing to comply with conditions and Defendant allegedly committed the acts charged in this indictment while on probation. Being on probation did not deter Defendant from allegedly committing these charged crimes. The court is not convinced that Defendant would now abide by this court's conditions. Because there is a high risk

that Defendant will further possess and/or distribute child pornography, this supports a finding of danger to the community. *See Davin*, 2012 WL 2359419, at *3.

The court finds that the government has established by clear and convincing evidence that there are no conditions of release which will ensure the safety of the community. 18 U.S.C. § 3142(f)(2)(B) (facts regarding safety of the community must be supported by clear and convincing evidence.)

**IV. Conclusion**

Based upon the court's de novo review of the record, the court concludes that there are no set of conditions of release which will protect the community from the danger of additional child pornography crimes by Defendant. The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would assure the safety of others and the community if Defendant were released pending trial.

The government's motion is accordingly GRANTED. (Doc. 13.) Magistrate Judge Birzer's order is hereby REVOKED. (Doc. 11.) Defendant Devan Navarette is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 19th day of December, 2019.

              s/ John W. Broomes
             JOHN W. BROOMES
             UNITED STATES DISTRICT JUDGE